UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-22486-CIV-SEITZ/SIMONTON

BARBIE BREWER,

    Plaintiff,

vs.

EDISON, PATRICK & ASSOCIATES, INC.,

    Defendant.
_____/

## ORDER DENYING MOTION FOR ENTRY OF FINAL DEFAULT AND VACATING CLERK'S ENTRY OF DEFAULT

THIS MATTER is before the Court on Plaintiff's Motion for Final Default Judgment [DE-13]. On July 23, 2011, Defendant's registered agent was served with the Summons and Complaint in this matter. Thereafter, Defendant did not file any responsive papers and, on August 30, 2011, the Clerk of Court entered a default against Defendant [DE-11]. Plaintiff now seeks an entry of default judgment against Defendant, Edison, Patrick & Associates, Inc., and an award of $1,000 in statutory damages, plus costs and attorney's fees. Plaintiff's Complaint alleges that Defendant violated several sections of the Fair Debt Collection Practices Act (FDCPA). Because Plaintiff's Complaint is not well-pled, the Motion for Final Default Judgment is denied.

### I. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a court may enter a final judgment of default against a party who has failed to plead in response to a complaint. However, "a defendant's default does not in itself warrant the court entering a default judgment." *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Further, "[t]he defendant is

not held to admit facts that are not well-pleaded or to admit conclusions of law.... a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover. " *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] A plaintiff's "allegations that parrot the language" of the statute the defendant allegedly violated "are not well-pleaded facts; they are simply [plaintiff's] legal conclusions, which a [defendant is] not held to have admitted through default." *See DirecTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007)(citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206).

## II. ANALYSIS AND DISCUSSION

The FDCPA seeks to remedy abusive, deceptive, and unfair debt collection practices by debt collectors against consumers. *See* 15 U.S.C. § 1692(e); *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011). The FDCPA prohibits, inter alia, debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." *See* 15 U.S.C. § 1692f. A debt collector who "fails to comply with any [FDCPA] provision . . . with respect to any person is liable to such person" for "actual damage[s]," costs, "a reasonable attorney's fee as determined by the court," and statutory "additional damages." *See* 15 U.S.C. § 1692k(a).

In order to prevail on an FDCPA claim, Plaintiff must establish that: (1) he was the object of collection activity arising from consumer debt; (2) Defendant qualifies as a "debt collector" under the FDCPA; and (3) Defendant engaged in an act or omission prohibited by the FDCPA. *Wise v. Coach*, 09-80972, 2010 WL1257665, *2 (S.D.Fla. Mar. 26, 2010). The first element of an FDCPA claim has two requirements - there must be collection activity and this activity must

---

[1]*See Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), in which the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

relate to a consumer debt. *See Buckley v. Bayrock Mortg. Corp.*, 09-cv-1387, 2010 WL 476673, *6 (N.D. Ga. Feb. 5, 2010).

The "facts" contained within Plaintiff's Complaint fail to establish that Defendant's activities relate to a "consumer debt."[2] The Complaint fails to indicate any specific facts to demonstrate the debt involves a mortgage, credit card, medical bill, or other consumer debt. In fact, Plaintiff's Complaint provides no factual information relating to the debt whatsoever. The Complaint merely provides that:

> Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

Pl.'s Compl., ¶11 [DE-1]. These allegations are not "facts." Rather, Plaintiff has parroted the language of the FDCPA, which includes the following definition for "debt:"

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). Plaintiff has simply not provided any factual basis for finding that Defendant's activities relate to a "consumer debt."[3] Plaintiff's failure to include anything beyond a recitation of a definition from the FDCPA prevents the Court from entering a default judgment in favor of Plaintiff. *DirecTV*, 503 F.3d at 854. Accordingly, it is

---

[2] The FDCPA is limited to "consumer debt," (*Heintz v. Jenkins*, 514 U.S. 291, 293 (1995)), and it does not cover debts arising from business loans (*Lingo v. City of Albany Dep't of Cmty. & Econ. Dev.*, 195 Fed. Appx. 891, 893 (11th Cir. 2006). For debts to fall within the FDCPA, they must involve consumer transactions, which entail "consensual or contractual arrangements, not damage obligations thrust upon one as a result of no more than her own negligence." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998).

[3] The Court notes that many of the other allegations in the Complaint are also either conclusions of law or unsupported factual conclusions.

ORDERED that

(1) Plaintiff's Motion for Final Default [DE-13] is DENIED without prejudice.

(2) The default entered by the Clerk of Court against Defendant on August 30, 2011 [DE-11] is VACATED.

(3) Plaintiff shall file an Amended Complaint no later than **December 5, 2011**. Plaintiff shall file proof of service on Defendant within 60 days of this Order. Failure to comply with this Order will result in a dismissal with prejudice.

DONE AND ORDERED in Miami, Florida, this __16th__ day of November, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record